IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, 120 Garrett St. Suite 400, Charlottesville, VA 22902<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, 1400 Independence Ave. SW, Washington, DC 20250<br><br>Defendant. | Civil Case No. 1:25-CV-00553<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is a suit for declaratory and injunctive relief challenging the United States Forest Service's failure to respond timely to a request for public records under the Freedom of Information Act ("FOIA").

2. In October 2023, Plaintiff Southern Environmental Law Center ("SELC") requested documents pursuant to FOIA from the Forest Service regarding the agency's regional "timber targets." These timber targets obligate the Forest Service to sell a certain amount of timber in each fiscal year. SELC filed its FOIA requests to learn more about how these targets are developed and implemented in the eastern and southeastern United States.

3. The Forest Service issued responses to these requests in December 2023 and January 2024. Though the Forest Service regularly communicates about timber targets via email, its FOIA responses contained zero responsive emails or other recorded communications from the relevant time periods. SELC filed a timely administrative appeal challenging the adequacy of the

1

Forest Service's searches in March 2024. After conducting a secondary search, the agency located a "massive" amount of potentially responsive emails.

4. Though the Forest Service identified this trove of potentially responsive documents more than nine months ago, the agency has yet to turn over any substantive responses or requested records. In doing so, the Forest Service failed to comply with statutory deadlines. SELC has repeatedly sought to resolve its appeals without litigation, to no avail. SELC therefore seeks declaratory and injunctive relief from this Court as provided under FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552 (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal-question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue a declaratory judgment and further necessary or proper relief).

6. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because the Forest Service has "fail[ed] to comply with the applicable time limit provisions" of FOIA.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District. Venue is also proper under 5 U.S.C. § 552(a)(4)(B) because, upon information and belief, the agency records responsive to SELC's FOIA request have been collected in, and are thus situated in, the Forest Service's Washington Office located in this District.

## PARTIES

### Plaintiff Southern Environmental Law Center

8. Plaintiff Southern Environmental Law Center is a 501(c)(3), nonprofit public-interest environmental law firm with a focus on six southeastern states.

9. SELC is a "person" for purposes of FOIA. 5 U.S.C. § 551(2).

10. Among other values, SELC works to protect the biological and recreational values of our national forest lands. To accomplish this goal, SELC monitors and analyzes Forest Service policies and projects, advocates for improvements where needed, coordinates with conservation partners, and represents clients in connection with these activities.

11. As part of its national forest work, SELC regularly submits FOIA requests to the Forest Service to better understand how national forest lands are being managed.

12. SELC disseminates information obtained from FOIA requests to its conservation partners and the general public through its website, southernenvironment.org, which is updated regularly, as well as through press releases, media interviews, reports, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, where they relay information and data obtained through FOIA requests. SELC has used many of these channels to communicate information and raise public awareness about the Forest Service's activities on the national forests, including agency timber targets.

**Defendant United States Forest Service**

13. Defendant United States Forest Service is a subordinate federal agency within the United States Department of Agriculture. The Forest Service is charged with stewarding nearly 193 million acres of publicly owned forests and grasslands throughout the country.

14. The Forest Service is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1).

15. The Forest Service has possession or control of information responsive to SELC's FOIA requests.

## LEGAL BACKGROUND

### Freedom of Information Act

16. In enacting FOIA, Congress sought "to open agency action to the light of public scrutiny" by "requiring agencies to adhere to a general philosophy of full agency disclosure." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citations omitted). "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Id.* (quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

17. To that end, FOIA requires federal agencies to make nonexempt "records" available upon request. 5 U.S.C. § 552(a)(3)(A). The term "record" generally encompasses "any information . . . maintained by an agency in any format, including an electronic format." *Id.* § 552(f)(2).

18. FOIA requires agencies to respond "promptly" to records requests. *Id.* § 552(a)(3)(A). In general, agencies must "determine" whether to comply with a FOIA request within twenty working days of receiving the request, and they must "immediately notify the requester of that determination." *Id.* § 552(a)(6)(A)(i).

19. Requesters may administratively appeal an agency's adverse determination. *See id.* § 552(a)(6)(A)(ii). For requests filed with the Department of Agriculture, appeals must be made "within 90 calendar days of the date of the adverse determination." 7 C.F.R. § 1.9(b).

20. In general, agencies must "make a determination with respect to any appeal within twenty [working] days" of receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); *see also* 7 C.F.R. § 1.9(b). If an agency upholds a denial of a request in whole or in part, it must "notify the person making such request of the provisions for judicial review of that determination." 5 U.S.C. § 552(a)(6)(A)(ii).

21. In "unusual circumstances," agencies may extend their twenty-working-day deadlines for requests and appeals by providing timely written notice to the requester. *Id.* § 552(a)(6)(B)(i). This extension generally may not exceed ten working days. *Id.*

22. Thus, absent unusual circumstances, agencies must make a "determination" regarding a request or appeal within twenty working days.

23. To make a "determination" under FOIA, an agency must at least "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

24. If an agency fails to make and communicate its "determination" within the relevant statutory timelines, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i); *see also Roman v. Dep't of the Air Force*, 952 F. Supp. 2d 166, 172 (D.D.C. 2013) ("A plaintiff exhausts administrative remedies when he appeals an agency's response to his FOIA request, and the agency fails to respond to the appeal within the appropriate time limit[.]").

25. FOIA obligates the responding agency to make "reasonable efforts to search" for requested records. 5 U.S.C. § 552(a)(3)(C). If challenged, an agency must show "beyond [a] material doubt" that it conducted "a search reasonably calculated to uncover all relevant documents." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

26. Although FOIA exempts some specific kinds of information from public disclosure, 5 U.S.C. § 552(a)(4)(B), (b), "the agency bears the burden of proving that an exemption applies," *Bartko v. U.S. Dep't of Just.*, 898 F.3d 51, 62 (D.C. Cir. 2018).

27.     Even if an exemption applies, agencies may not deny requests for information under FOIA unless the agency "reasonably foresees that disclosure would harm an interest protected by [the] exemption." 5 U.S.C. § 552(a)(8)(i). In other words, "[a]pplicability of a FOIA exemption is still necessary—but no longer sufficient—for an agency to withhold the requested information." *Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231, 235 (2d Cir. 2022).

28.     If an agency denies, in whole or in part, a request for records under FOIA, the agency must provide any "reasonably segregable portion" of each record after removing the exempt material. 5 U.S.C. § 552(b); *Bartko*, 898 F.3d at 62. In addition, the agency must note the "amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(b).

## FACTUAL BACKGROUND

### Forest Service Timber Targets

29.     Each year, the Forest Service and the Department of Agriculture set a national "timber volume sold target." This national timber target is binding on Forest Service staff.

30.     To achieve its national timber target, the Forest Service assigns portions of that target to each of the agency's nine regions. These region-specific targets are then divided among Forest Service units within each region. Units then develop timber projects to offer timber sales to fulfill their unit-specific target. The Forest Service designs its targets so that achievement of the unit-specific targets will result in achievement of the regional targets which will in turn fulfill the national target.

31.     Timber targets have a profound influence on the Forest Service's day-to-day operations. Agency staff variously describe targets as "mandated," U.S. Forest Serv., *Views of 'No-Bid' Timber Sales from the National Forest System (NFS), Volume I* at vi, 1 (2023); "required," Forest Serv. Handbook 1909.13, ch. 51.1; or a "quota," U.S. Forest Serv., *Meeting*

6

*Outline for Region 8 All Employee Call* (May 6, 2020). Staff performance assessments and staff awards are both based in part on timber-target achievement. Indeed, agency staff have explained that their assigned timber target is "the bottom line for us. That drives everything." Carolin Maier & Jesse B. Abrams, *Navigating Social Forestry - A Street-level Perspective on National Forest Management in the US Pacific Northwest*, 70 Land Use Policy 432–41 (2018) (quoting Forest Service staff).

32. Despite timber targets' importance, the Forest Service's process for target setting is opaque. The Forest Service does not publicize what factors go into target setting, analyze the environmental effects of its targets, or disclose targets' influence on project development—even for those projects that are designed, in part, to meet timber targets. As a result, FOIA is one of the only options for public oversight and accountability regarding a critical Forest Service process with significant effects on our public lands.

### SELC's FOIA Requests

33. On May 6, 2022, SELC submitted a FOIA request to the Forest Service's Southern Region ("Region 8"), among other offices, seeking public records related to the region's timber targets. To assist the agency by narrowing its search, SELC only sought records related to targets from fiscal years 2019 to 2023. *See* 7 C.F.R. § 1.3(c)(1) (encouraging requesters to provide dates and other information to help an agency identify records).

34. In its FOIA request, SELC explained that "[t]imber harvest on federally owned national forest land is of vital concern to the public." S. Env't L. Ctr., *Freedom of Information Act Request Regarding Timber Targets* at 4 (May 6, 2022). Yet "[h]ow the Forest Service develops timber targets at the national, regional, and local levels—and how those targets influence project development—is largely unknown." *Id.*

7

35. On June 21, 2022, Region 8 staff submitted to SELC a final FOIA response containing 1,459 responsive pages, including 1,112 pages released in full and 347 pages released in part. These responsive pages included more than 480 emails and Microsoft Teams messages between Forest Service staff. Though some of these emails were duplicates, the overall response included dozens, if not hundreds, of distinct email and instant-message communications.

36. These communications included frank discussions about timber targets between Region 8 staff as well as numerous emails between Region 8 staff and Forest Service Deputy Chiefs, Forest Supervisors, and others. Together, these records revealed that timber targets, and progress toward meeting timber targets, are a common topic of conversation among regional staff. In fact, one email indicated that fulfilling timber targets "is always at the forefront of the decision makers [sic] thought process." Email from Jose Castro, Region 8 Director of Forest and Timber Management, to Seth Tiffner (Aug. 13, 2019).

37. Curious to learn more about these opaque but critical metrics, SELC sent an updated request to Region 8 on October 6, 2023. That request sought all regional records and communications relating to timber targets between May 6, 2022 (the date of SELC's initial request) and October 2023, as well as any records relating to regional timber targets for fiscal years 2024 and 2025. *See* 7 C.F.R. § 1.3(c)(1) (encouraging date ranges in records requests). A true and correct copy of this FOIA request ("Region 8 request") is attached as Exhibit 1.

38. SELC's Region 8 request specifically sought "reports, studies, *correspondence*, memoranda, *e-mails*, analyses, meeting notes or other notes of any kind, drafts and working papers, and every other document, *recorded communication*, or record of any kind (including records which exist electronically)." Ex. 1 at 2 (emphases added).

39. That same day, SELC submitted a FOIA request to the Forest Service's Eastern Region ("Region 9"), among other offices, seeking public records related to the region's timber targets for fiscal years 2019 to 2025. *See* 7 C.F.R. § 1.3(c)(1) (encouraging date ranges in records requests). This request had a larger date range because SELC had not previously requested public records from Region 9. A true and correct copy of this FOIA request ("Region 9 request") is attached as Exhibit 2.

40. Like the Region 8 request, SELC's Region 9 request specifically sought "reports, studies, *correspondence*, memoranda, *e-mails*, analyses, meeting notes or other notes of any kind, drafts and working papers, and every other document, *recorded communication*, or record of any kind (including records which exist electronically)." Ex. 2 at 2 (emphases added).

41. The Regional FOIA Coordinator for Regions 8 and 9, Steve Watkins, acknowledged receipt of SELC's requests. Mr. Watkins agreed to look for documents responsive to the Region 8 request from May 7, 2022 to October 17, 2023, and for documents responsive to the Region 9 request from October 1, 2017 to October 11, 2023.

42. Around the same time that SELC submitted its Region 8 and Region 9 requests, SELC also submitted several FOIA requests to individual national forest units within those regions. SELC hoped these requests would shed further light on the interaction between regional and unit-specific timber targets.

**Forest Service FOIA Responses**

43. On December 6, 2023, Region 9 issued a final response containing 1,763 pages released in full. Region 9's response contained zero email or electronic message communications from the relevant search period.

44. On January 11, 2024, Region 8 issued a response containing 208 pages, 207 of which were released in full. Region 8's response contained zero email or electronic message communications from the relevant search period.[1]

45. After reviewing the records produced, SELC alerted Mr. Watkins that the Forest Service had failed to produce recorded communications in response to either request. Email from Spencer Scheidt, SELC Attorney, to Steve Watkins, U.S. Forest Serv. Regional FOIA Coordinator (Jan. 19, 2024). SELC noted that its initial May 6, 2022 FOIA request to Region 8 had produced "numerous emails and correspondence discussing annual timber targets." *Id.* Accordingly, SELC asked if there was a chance that communications "were mistakenly omitted" from the agency's latest productions. *Id.*

46. In response, Mr. Watkins confirmed that he had "verified with [Region] 9 that there were no email response[s]" to SELC's request. Email from Steve Watkins, U.S. Forest Serv. Regional FOIA Coordinator, to Spencer Scheidt, SELC Attorney (Jan. 23, 2024). However, Mr. Watkins agreed to follow up with Region 8 to confirm that no "email response[s]" were inadvertently left out. *Id.*

47. SELC responded that same day, clarifying that it was not just seeking email communications, but rather its request applied to all "correspondence, memoranda, e-mails, . . . [or] recorded communication[s]" of any kind. Email from Spencer Scheidt, SELC Attorney, to Steve Watkins, U.S. Forest Serv. Regional FOIA Coordinator (Jan. 23, 2024).

48. Mr. Watkins replied that the "search that produced the records we released would have encompassed everything else," and once again confirmed that Region 9 had no responsive

---

[1] The Forest Service's response did include one email chain discussing timber targets, but it was generated after-the-fact in response to SELC's FOIA request.

communications. Email from Steve Watkins, Regional FOIA Coordinator, to Spencer Scheidt, SELC Attorney (Jan. 23, 2023).

49. On February 15, 2024, Region 8 released a supplemental response containing one email chain with nine distinct email communications and a single attachment. These emails spanned a three-day period from July 17 to July 19, 2023. This was the agency's final response to SELC's Region 8 request.

50. While SELC was communicating with Regions 8 and 9 about their FOIA responses, SELC began receiving separate FOIA productions from other national forest units within Regions 8 and 9.

51. These unit-level productions showed that Region 8 and Region 9 staff regularly communicated electronically regarding timber targets within the relevant search periods. For example, productions from units in Region 8 contained seven new emails regarding timber targets that involved Region 8 staff that fell within the May 7, 2022 to October 17, 2023 search period for the Region 8 request. Productions from units in Region 9 also contained at least twenty-four emails regarding timber targets that involved Region 9 staff that fell within the October 1, 2017 to October 11, 2023 search period for the Region 9 request.

52. The Forest Service's responses to these unit-specific requests did not include all potential regional correspondence regarding timber targets. For example, these responses did not include emails between regional staff, between regional and national staff, and between regional staff and other national forest units not party to the requests. Therefore, these unit-level responses did not satisfy the Forest Service's obligation to include relevant correspondence in its responses to SELC's Region 8 and Region 9 requests.

53. On February 26, 2024, SELC filed a lawsuit in the District of D.C. challenging the Forest Service's failure to conduct National Environmental Policy Act studies of its national, regional, and unit-specific timber targets. *See* Complaint, *Chattooga Conservancy v. U.S. Dep't of Agric.*, No. 1:24-cv-00518-TJK (Feb. 26, 2024).

## SELC's FOIA Appeals

54. On March 1, 2024, SELC filed timely administrative appeals of the Forest Service's responses to its Region 8 and Region 9 requests. True and correct copies of these FOIA appeals are attached as Exhibits 3 and 4, respectively.

55. In its appeals, SELC asserted that the Forest Service had failed to conduct an adequate search for communications. SELC explained that, given the extent of the Forest Service's previous response to Region 8—which contained hundreds of communications—"as well as the numerous regional emails released to SELC in other productions, it seems highly likely, if not certain, that the Forest Service failed to adequately search for recorded communications." Ex. 4 at 4.

56. Because the Forest Service received each appeal on March 1, 2024, it had until March 29, 2024 to either make determinations regarding both appeals or issue written notice that it was seeking an extension due to unusual circumstances.

57. On March 4, 2024, the Forest Service's Washington Office FOIA Service Center acknowledged receipt of SELC's appeals and assigned them to Government Information Specialist Eileen Harke. The Forest Service did not make any determinations regarding these appeals or notice an extension.

58. The Forest Service failed to make determinations regarding SELC's appeals or notice an extension before March 29, 2024.

59. On April 1, 2024, SELC requested an update from Ms. Harke and informed her that the Forest Service's twenty-working-day deadline had passed without a determination or notice of an extension. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (Apr. 1, 2024).

60. Ms. Harke responded that she had a "tremendous backlog" of open cases and that "it may be some time before our office is able to submit a package regarding your case(s)" to the Office of General Counsel for "legal sufficiency review, which takes additional time." Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (Apr. 3, 2024).

*61.* SELC replied with suggestions to simplify the Forest Service's secondary search for records, noting the agency could use "similar search terms" to those used in searching for records responsive to SELC's initial May 6, 2022 request to Region 8. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (Apr. 4, 2024). SELC also suggested Region 9 could "crib from Region 8's" work by using similar searches for a "similar set" of record custodians. *Id.* SELC offered to assist with this process if needed. *Id.*

62. Ms. Harke took SELC's advice and consequently was "able to develop a list of custodians and search terms" for both requests. Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (Apr. 4, 2024). On April 4, 2024, Ms. Harke submitted this list to Regions 8 and 9 and told SELC she would have a "better sense of the responsive set of documents" within three weeks. *Id.*

63. After three weeks had passed, SELC contacted Ms. Harke and requested a status update on the agency's secondary searches. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (Apr. 29, 2024).

64. Ms. Harke replied that the "results [she] got from the secondary email search were massive." Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (May 1, 2024). She had started sorting the results from Region 8 but had to stop because it would have taken her "hours and hours" to get through them. *Id.* Apparently, Ms. Harke had "three times as many email results" from Region 9. *Id.*

65. SELC responded that it would be happy to help refine the results of the secondary searches. Email from Spencer Scheidt, SELC Attorney to Eileen Harke, U.S. Forest Serv. Government Information Specialist (May 2, 2024). SELC did not hear back from Ms. Harke.

66. On May 31, 2024, SELC requested a status update from Ms. Harke and again offered to help refine the secondary search results. Email from Spencer Scheidt, SELC Attorney to Eileen Harke, U.S. Forest Serv. Government Information Specialist (May 31, 2024).

67. On June 6, 2024, Ms. Harke responded that she had not had time to work on SELC's appeals. Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (June 6, 2024). However, she planned on spending time working on both appeals "next week." *Id.* Ms. Harke also took SELC up on its offer to help and requested that it send along any example documents from other FOIA productions that would match what SELC was seeking with its appeals. *Id.*

68. In response, SELC passed along ten excerpts from previous FOIA productions. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (July 8, 2024). SELC cautioned that by providing these examples, it was

not intending to limit the scope of its appeals and that it remained interested in "all mentions of timber targets in agency correspondence." *Id.* SELC also requested an update on the appeals.

69. Ms. Harke replied that she expected to be able to work on the appeals the week of August 12th and that she intended "to complete the review of the search results by the end of August." Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (July 15, 2024).

70. After not hearing from the Ms. Harke in August, SELC requested an update on its appeals on September 3, 2024. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (Sept. 3, 2024).

71. Ms. Harke replied that she had not had time to work on either appeal and that the earliest she could "expect to work on the search results for your appeals again is in early October." Email from Eileen Harke, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (Sept. 5, 2024).

72. On December 2, 2024, SELC contacted Ms. Harke again and requested an update. Email from Spencer Scheidt, SELC Attorney, to Eileen Harke, U.S. Forest Serv. Government Information Specialist (Dec. 2, 2024). SELC immediately received a bounce-back email indicating that Ms. Harke had retired on November 19, 2024.

73. That same day, SELC contacted other Forest Service Washington Office FOIA staff and requested updates on both appeals. Email from Spencer Scheidt, SELC Attorney, to Laura Hoover, U.S. Forest Serv. Government Information Specialist (Dec. 2, 2024).

74. Government Information Specialist Laura Hoover responded that the Forest Service was working on reassigning Ms. Harke's FOIA cases and that "this will require a while." Email from Laura Hoover, U.S. Forest Serv. Government Information Specialist, to Spencer

Scheidt, SELC Attorney (Dec. 2, 2024). Ms. Hoover relayed that the Forest Service had secondary "search results that need[ed] to be reviewed for both appeals," and that she hoped to provide further details "by the end of January/early February or sooner." *Id.*

75. On December 6, 2024, Forest Service Assistant FOIA Director Margaret Scofield emailed SELC with a list of outstanding SELC FOIA requests and appeals, including the Region 8 and Region 9 appeals. Email from Margaret Scofield, U.S. Forest Serv. Assistant FOIA Director, to Patrick Hunter, SELC Attorney (Dec. 6, 2024). Ms. Scofield asked if SELC had a preference on which appeals or requests it would like the Forest Service to process first.

76. In response, SELC withdrew one of its outstanding FOIA requests—which had been pending for nearly five years—and asked the agency to prioritize the Region 8 and Region 9 appeals. Email from Patrick Hunter, SELC Attorney, to Margaret Scofield, U.S. Forest Serv. Assistant FOIA Director (Dec. 9, 2024).

77. On January 27, 2025, SELC emailed Ms. Hoover and requested an update on the status of the appeals. Email from Spencer Scheidt, SELC Attorney, to Laura Hoover, U.S. Forest Serv. Government Information Specialist (Jan. 27, 2025).

78. Ms. Hoover replied that she would be focusing on other appeals and cases from fiscal year 2020 for the remainder of January and most of February. Email from Laura Hoover, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (Jan. 27, 2025). Ms. Hoover noted she had been reassigned several of SELC's FOIA appeals and requests, including the Region 8 and 9 appeals, and asked which cases SELC would like her to prioritize.

79. SELC again requested that the Forest Service prioritize the Region 8 and 9 appeals. Email from Spencer Scheidt, SELC Attorney, to Laura Hoover, U.S. Forest Serv.

Government Information Specialist (Jan. 28, 2025). SELC also asked Ms. Hoover to estimate when the Forest Service would issue a determination regarding those appeals. *Id.*

80.     Ms. Hoover replied that it was "difficult to give a specific date for a determination/response for your appeals." Email from Laura Hoover, U.S. Forest Serv. Government Information Specialist, to Spencer Scheidt, SELC Attorney (Jan. 28, 2025). She noted that secondary searches for both appeals had been completed but still needed to be reviewed. *Id.* Ms. Hoover estimated that the earliest she could work on the appeals was early March 2025—more than a year after SELC originally filed its appeals. *Id.*

### SELC's Constructive Exhaustion of Administrative Remedies

81.     SELC has constructively exhausted its administrative remedies because the Forest Service has failed to make a "determination" on its FOIA appeals within the statutory time period. 5 U.S.C. § 552 (a)(6)(A)(ii), (C); *Roman*, 952 F. Supp. 2d at 172.

82.     The Forest Service has not communicated the scope of the records it intends to produce in response to SELC's FOIA appeals.

83.     The Forest Service has not invoked a FOIA exemption for any of the records responsive to SELC's FOIA appeals.

84.     The Forest Service has not provided a schedule of production for the records responsive to SELC's FOIA appeals.

85.     The Forest Service has not released any records responsive to SELC's FOIA appeals.

86.     The Forest Service has not notified SELC of the right to judicial review of an adverse determination regarding its FOIA appeals.

**CLAIM FOR RELIEF**

**CLAIM ONE: Improper Withholding of Records Responsive to SELC's FOIA Request**

87. SELC incorporates by reference all preceding paragraphs.

88. FOIA requires agencies to make nonexempt "records" available "promptly" upon request. 5 U.S.C. § 552(a)(3)(A).

89. The Forest Service failed to provide SELC with communications responsive to its Region 8 and Region 9 requests.

90. Upon information and belief, the Forest Service's Region 8, Region 9, and Washington offices are in possession of communications responsive to SELC's requests.

91. SELC timely appealed the Forest Service's inadequate responses to its FOIA requests. *See* 7 C.F.R. § 1.9(b).

92. More than twenty working days have passed since the submission of SELC's FOIA appeals.

93. The Forest Service violated FOIA by failing to make a timely "determination" on SELC's FOIA appeals as required by 5 U.S.C. § 552(a)(6)(A)(ii).

94. The Forest Service violated FOIA by failing to conduct a reasonable search for records responsive to SELC's requests as required by 5 U.S.C. § 552(a)(3)(C).

95. The Forest Service violated FOIA by failing to provide SELC with all non-exempt records responsive to SELC's requests.

96. By failing to make a timely "determination," conduct a reasonable search, and provide SELC with all nonexempt records responsive to its FOIA requests, the Forest Service has denied SELC's right to information as provided under FOIA. *See* 5 U.S.C. § 552.

97. Unless it is enjoined by this Court, the Forest Service will continue to violate SELC's legal right to be timely provided with the information that SELC asked for in its FOIA requests.

98. SELC is directly and adversely affected and aggrieved by the Forest Service's failure to provide responsive records to its FOIA requests and subsequent appeals, as described above.

**REQUEST FOR RELIEF**

Wherefore, Plaintiff SELC respectfully requests that this Court:

A. DECLARE that the Forest Service has violated and is continuing to violate FOIA by failing to make a timely "determination" on SELC's appeals as required by 5 U.S.C. § 552(a)(6)(A);

B. DECLARE that the Forest Service has violated and is continuing to violate FOIA by failing to conduct an adequate search for records in response to SELC's FOIA requests as required by 5 U.S.C. § 552(a)(3)(C);

C. DECLARE that the Forest Service has violated and is continuing to violate FOIA by failing to provide SELC with all nonexempt documents responsive to SELC's requests;

D. ORDER the Forest Service to search for and provide all nonexempt, responsive documents to SELC without further delay;

F. ORDER the Forest Service to produce an index identifying any documents or parts thereof that it intends to withhold and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and (b), in the event that the Forest Service determines certain responsive records are exempt from disclosure;

G. RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of the Forest Service's search for responsive documents or on assertions by the agency that any responsive documents are exempt from disclosure;

H. AWARD Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law;

H. GRANT Plaintiff any other relief the Court deems just and proper.

Respectfully submitted this 25th day of February, 2025.

*/s/  Spencer Scheidt*
Spencer Scheidt
N.C. Bar No. 57078
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave., Suite 304
Asheville, NC 28801-3321
Telephone: (828) 258-2023
E-mail: sscheidt@selcnc.org

*Counsel for Plaintiff*
